UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-280-KKC

BRANDY TAYLOR,                                                                                     PLAINTIFF,

v.                                            **OPINION & ORDER**

TOYS "R" US-DELAWARE, INC.
d/b/a/ BABIES "R" US and
MISTY PENNINGTON,                                                                          DEFENDANTS.

* * * * * * * * *

This matter is before the Court on the Motion to Remand (DE 4) filed by the Plaintiff. For the following reasons, the Court will GRANT the motion.

## I.    FACTS.

The Plaintiff Brandy Taylor originally filed this action in Fayette Circuit Court asserting that the Defendant Toys "R" Us – Delaware Inc. d/ba/ Babies "R" Us ("Babies 'R' Us") unlawfully fired her because she was pregnant. The Plaintiff asserts six claims against Babies "R" Us: claims of pregnancy and disability discrimination, failure to accommodate and retaliation under the Kentucky Civil Rights Act, and tort claims of wrongful discharge and intentional infliction of emotional distress.

The Plaintiff also asserts a claim against an individual named Misty Pennington for retaliation.

The Defendant Babies "R" Us removed the action to this Court asserting that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 (a)(1) which grants federal courts jurisdiction in cases where the matter in controversy exceeds $75,000 and is between citizens of different states. "In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there

must be complete diversity of citizenship both at the time the case is commenced and at the time the notice of removal is filed." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

The Plaintiff and Defendant Pennington are both Kentucky citizens. However, Babies "R" Us argues that the Court nonetheless has subject matter jurisdiction over this action because the non-diverse Pennington is fraudulently joined.

## II.     FRAUDULENT JOINDER.

"'When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined.'" *Id.* (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). It is well established that the burden of proving fraudulent joinder of a non-diverse defendant is on the removing party. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-949 (6th Cir. 1994).

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). If there is a colorable basis for predicting that a plaintiff may recover against a non-diverse defendant, this Court must remand the action to state court. *Id*. The test is not whether the defendants were added to defeat removal but "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949 (citation and quotations omitted). All disputed questions of fact and all ambiguities in the controlling state law should be resolved in favor of the plaintiff. *Id*.

In her Motion to Remand, the Plaintiff argues that she has not fraudulently joined Pennington to this action because an individual may be liable for retaliation under the Kentucky Civil Rights Act. Section 344.280 of the Kentucky Civil Rights Act provides:

> It shall be an unlawful practice for a person, or for two (2) or more persons to conspire:
>
> (1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter ...

As noted by the Sixth Circuit, this section "plainly permits the imposition of liability on individuals" for acts of retaliation. *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 794 (6th Cir .2000).

In response, Babies "R" Us recognizes that an individual *may* be liable for retaliation claims under the Kentucky Civil Rights Act but argues that Pennington cannot be held liable because "she had nothing to do with the decision to terminate Plaintiff." (DE 9 at 1). Instead, Babies "R" Us argues, Pennington was just the messenger of the decision made by other employees. In support of this factual assertion, Babies "R" Us submits affidavits by Pennington and Beth Apple, a former Field Human Resources Manager for Babies "R" Us.

In her affidavit, Apple states that she was responsible for making termination decisions regarding employees in eleven states including those at the Lexington Babies "R" Us store where the Plaintiff worked. She states that she decided to terminate the Plaintiff because the Plaintiff had requested several weeks off after already missing a substantial amount of work.

Apple states she tried to call Denise Irvin, the Operations Manager at the Lexington store, to inform Irvin of the decision but Irvin was unavailable so Apple spoke with Defendant Pennington.

3

Apple states she instructed Pennington to telephone the Plaintiff to convey the decision. Apple states that Pennington had nothing to do with the decision to terminate the Plaintiff. In her affidavit, Pennington asserts the same facts and also states that she never met the Plaintiff and that the Plaintiff did not report to her.

It is logical that an individual cannot be held liable for retaliation under the KCRA, unless that person had at least some input into the decision to take the adverse employment action that is allegedly retaliatory. *See, e.g. Johnson v. State of Louisiana*, 369 F.3d 826, 831 (5th Cir.2004)("As to causation, only final decision-makers may be held liable for First Amendment retaliation employment discrimination under § 1983"); *Ward v. Athens City Board of Education*, 187 F.3d 639, 1999 WL 623730 at * 8 (6th Cir. Aug. 11, 1999)("an influential recommender can be liable under § 1983 without being the final decisionmaker, if the recommendations are shown to be sufficiently influential").

The Pennington and Apple affidavits unequivocally state that Pennington had nothing to do with the decision to fire the Plaintiff. An issue then arises as to whether the Court may consider those affidavits on a fraudulent joinder analysis.

"As a general rule, removability is determined by the pleadings filed by the plaintiff." *Union Planters Nat. Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977). However, courts do consider affidavits and other evidence in resolving a fraudulent joinder claim. The Fifth Circuit has instructed that, in resolving a fraudulent joinder claim, courts should employ a proceeding similar to that used for ruling on a motion for summary judgment, stating:

> In support of their removal petition, the defendants may submit affidavits and deposition transcripts; and in support of their motion for remand, the plaintiff may submit affidavits and deposition transcripts along with the factual allegations

4

>  contained in the verified complaint. The district court must then evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.

*B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 & n. 9(5th Cir. 1981). *See also Crowe v.* Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997); *Johnson Controls, Inc. v. J.F. Dunn Enterprises, Inc.*, 2009 WL 415706 at * 2(E.D. Mich. 2009).

Thus, the Court will consider the factual assertions contained in the affidavits. However, if those factual assertions are sufficiently disputed, the Court will resolve the dispute in favor of the Plaintiff. The question then is whether the Plaintiff has made sufficient allegations that dispute the assertions by Pennington and Apple.

Plaintiff has alleged in her Complaint that Pennington – along with Babies "R" Us – "wrongfully terminated [the Plaintiff's] employment." It can be inferred from this allegation that Pennington and Babies "R" Us together made the decision to terminate the Plaintiff and, in fact, terminated her. The Plaintiff has not submitted any "evidence" on this issue. However, it is unclear what sort of evidence she could submit prior to being permitted any discovery into the Babies R Us decision-making process. There is no dispute that Pennington did at least communicate to the Plaintiff the fact that she was fired.

"[I]t is worth noting the limited nature of the Court's examination of the merits of the plaintiffs' claims against [the defendant]. The question is not whether the plaintiffs will recover from [the defendant]. Rather, it is whether the plaintiffs could recover from [the defendant] under Kentucky law." *Winburn v. Liberty Mutual Insurance Co.*, 933 F. Supp. 664, 666 (E.D. Ky. 1996). *See also Terry v. Jackson*, 19 Fed. Appx. 377, 379 (6th Cir. 2001)("district court should not have addressed the merits of plaintiff's underlying claims" on fraudulent joinder analysis).

If the assertions by Apple and Pennington are accepted as true, the Plaintiff's retaliation claim against Pennington cannot survive. However, the Plaintiff's assertion in her Complaint that Pennington did terminate her creates a sufficient factual dispute that must be resolved in favor of the Plaintiff. *If* Pennington did, in fact, take part in the decision to terminate the Plaintiff, then she *could* be liable under the Kentucky Civil Rights Act for retaliation. Accordingly, the Court cannot find that Pennington was fraudulently joined.

Babies "R" Us also argues that the Court should find that Pennington was fraudulently joined because the Plaintiff has not set forth sufficient factual allegations in her Complaint as required under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* deals with the allegations that a complaint must contain under Federal Rule of Civil Procedure 8(a) to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

However, the issue on the Plaintiff's Motion to Remand is not whether the Complaint sets forth sufficient allegations to withstand a motion to dismiss under Rule 12(b)(6). The issue here is whether there is arguably a reasonable basis for predicting that *state law* might impose liability on Pennington given the Plaintiff's allegations. Babies "R" Us does not argue that the Kentucky state court would dismiss the Plaintiff's complaint for failing to set forth sufficient allegations. Further, the Court has found no authority to support that argument.

For all these reasons, the Court hereby ORDERS that the Motion to Remand (DE 4) is GRANTED and this matter is REMANDED to the Fayette Circuit Court.

Dated this 13th day of January, 2010.



**Signed By:**

*Karen K. Caldwell*

**United States District Judge**